IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HALLIE M.,**[1]

    **Plaintiff,**

v.

    Civil Action 2:24-cv-1121
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Hallie M., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income benefits ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (SSE, ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply (ECF No. 10), and the administrative record (R., ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors (ECF No. 8) and **AFFIRM** the Commissioner's non-disability decision.

**I.  BACKGROUND**

Plaintiff protectively filed her application for SSI on January 22, 2021, alleging that she has been disabled since October 5, 1999, due to PTSD, anxiety, seizures, panic attacks, issues being around other people, and migraines. (R. at 164–70, 189.) Plaintiff's application was

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

denied initially in September 2021, and upon reconsideration in March 2022. (*Id.* at 68–93.) Plaintiff sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 103–05.) On January 19, 2023, ALJ Jeannine Lesperance held a telephone hearing, at which Plaintiff, who was represented by counsel, appeared and testified. (*Id.* at 40–67.) A vocational expert ("VE") also appeared and testified. (*Id.*) On January 31, 2023, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 14–39.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1–6.) This matter is properly before this Court for review.

## II.     RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the record in this matter. Instead of summarizing that information here, the Undersigned will discuss it as necessary below.

## III.    ADMINISTRATIVE DECISION

On January 31, 2023, the ALJ issued her decision. (R. at 14–39.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review answers five questions:

1.  Is the claimant engaged in substantial gainful activity?
2.  Does the claimant suffer from one or more severe impairments?
3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.  Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.  Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Hensley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

gainful activity since January 4, 2021, the application date. (*Id.* at 19.) At step two, the ALJ found that Plaintiff has had the following severe impairments: seizure disorder (non-epileptic/somatoform); migraine; obesity; degenerative disc disease of her lumbar spine; anxiety (affective); and trauma-related mental disorders. (*Id.* at 20–21.) At step three, the ALJ concluded that Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21–25.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except she can frequently climb ramps and stairs; frequently balance, kneel, and crouch; and occasionally stoop and crawl, but never climb ladders, ropes, or scaffolds. She must avoid unprotected heights, work in proximity to exposed, moving mechanical parts, and occupational driving. She can perform simple and detailed tasks without a production rate pace such as an assembly line. She can interact frequently with coworkers and supervisors, but work duties should not require public interaction, and social interactions should be limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution. She can adapt to occasional changes that are explained.

(*Id.* at 25.)

At step four, the ALJ determined that Plaintiff is unable to perform her past relevant work as a handicapped van driver and certified nurse aid. (R. at 33–34.) At step five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform other jobs that exist in significant numbers in the national economy, such as a housekeeper/cleaner, a mailroom clerk or an office helper. (*Id.* at 34–35.) The ALJ therefore concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since January 4, 2021, the date the application was filed. (*Id.* at 35.)

### IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V.     ANALYSIS

In her Statement of Errors, Plaintiff asserts that the ALJ failed to properly account for the opined limitations from the state agency psychologists, Audrey Todd, Ph.D. and Aracelis Rivera, Psy.D. (SOE, at PageID 2079.) Specifically, Plaintiff contends that the ALJ failed to account for their opined limitations of working in non-public work settings; brief and superficial interaction; and a "structured and predictable" work setting. (*Id.* at PageID 2079–92.) In support, Plaintiff primarily relies upon the SSR 96-8p: Policy Interpretation Ruling Titles II And XVI: Assessing Residual Functional Capacity in Initial Claims ("SSR 96-8p").

The Commissioner contends that the ALJ properly evaluated the prior administrative medical findings in accordance with the regulations and properly found them to be only partially persuasive. In addition, the Commissioner maintains that the ALJ properly evaluated Plaintiff's impairments and the evidence in the record and developed a mental RFC supported by substantial evidence, including Plaintiff's conservative treatment history and generally normal mental status examination results. (ECF No. 9 at PageID 2097–2107.)

The governing regulations include a section entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. § 416.920c. These regulations provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a).

SSR 96-8p states:

> The adjudicator must also explain how any material inconsistencies
> or ambiguities in the evidence in the case record were considered
> and resolved.
>
> ***

5

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, Narrative Discussion Requirements.

Dr. Todd initially reviewed Plaintiff's file on July 5, 2021, and assessed a mild limitation in the functional domain of understanding, remembering, or applying information and moderate limitations in interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. (R. at 72.) Dr. Todd opined that Plaintiff could "understand, remember, and carry out simple 1-2 step instructions"; "concentrate, persist, and maintain pace to carry out a simple learned routine in a structured and predictable work setting"; and "adapt and manage herself in a structured and predictable work setting, where changes can be explained." (*Id.* at 75–76.) Dr. Todd found that Plaintiff's ability to cope with coworkers and supervisors "would be limited to brief superficial interactions in non-public work settings." (*Id.* at 76.)

Upon reconsideration, Dr. Rivera reviewed Plaintiff's file on January 5, 2022. He affirmed Dr. Todd's assessment, except Dr. Rivera did not include a limitation to simple one or two-step instructions. (*Id.* at 86–87.)

### A. Non-Public Work Setting Limitations

Plaintiff contends that the ALJ recognized Drs. Todd and Rivera's limitation of a non-public work setting but failed to incorporate their exact phrasing into the RFC finding. (SOE, at PageID 2081.) Plaintiff relies on SSR 96-8p and argues that the ALJ's RFC determination was inconsistent with Drs. Todd and Rivera's limitation of a non-public work setting. She argues that the ALJ must provide an explanation as to why she did not include the doctors' limitations. (*Id.* at PageID 2086.) Drs. Todd and Rivera opined that "Plaintiff's ability to cope with coworkers and supervisors would be limited to brief superficial interactions in non-public work

6

settings. (ECF No. 7-3, at PageID 99.)  In her decision, the ALJ characterized Drs. Todd's opinions as having "found that there should be no public interaction and other interactions should be 'brief and superficial.'"  (ECF No. 7-2, at PageID 54–55.)

First, Plaintiff's argument that the ALJ was required to include, or at least account for, Drs. Todd and Rivera's limitation fails.  As Plaintiff acknowledges, an "ALJ is not required to include every limitation recommended by the medical sources."  (SOE, at PageID 2082, citing *Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 WL 2273365, at *3 (6th Cir. 2024).)

Second, the ALJ is not required to explain why she did not parrot Drs. Todd and Rivera's opinion verbatim.  *See*, *e.g.*, *Slaughter v. Comm'r of Soc. Sec.*, No. 2:19-CV-4867, 2020 WL 2988468, at *8 (S.D. Ohio June 4, 2020) (holding that "the RFC sufficiently accounts for [the consultative examiner's] opinion relating to social interaction and that the ALJ was not required to offer an explanation for why he did not parrot [the consultative examiner's] opined limitation verbatim" contrary to the plaintiff's contention otherwise); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (same).  The ALJ was required to consider Drs. Todd and Rivera's opinions, and the Undersigned concludes that substantial evidence supports the conclusion that the ALJ complied with this requirement.  (*See* ECF No 7-2, at PageID 54–55.)

Third, Plaintiff's reference to SSR 96-8p is inapposite.  The first relevant portion of SSR 96-8p provides: "[t]he adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR 96-8p, Narrative Discussion Requirements.  However, "[b]y its express terms, this portion of SSR 96-8p applies to inconsistencies in the *evidence*; it does not, as Plaintiff suggests, limit the ALJ's ability to articulate an RFC that deviates from the wording used by an opining medical source." *Hardwick v. Comm'r of Soc. Sec.*, No. 2:19-CV-5142, 2020 WL 3969341, at *6–7 (S.D. Ohio

July 14, 2020) (emphasis added), *report and recommendation adopted*, No. 2:19-CV-5142, 2020 WL 6481982 (S.D. Ohio Nov. 3, 2020).

Plaintiff also appears to cite to a second portion of SSR 96-8p: "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, Narrative Discussion Requirements. Plaintiff, however, does not explain how there is a conflict between Drs. Todd and Rivera's non-public workplace setting limitation and the ALJ's limitation, and the Undersigned can discern none. Plaintiff only argues that there are inconsistencies, and as articulated above, that argument fails.

Accordingly, Plaintiff's assertion of error with regard to the non-public work setting limitation should be **OVERRULED**.

  **B.**  **Brief and Superficial Interaction Limitation**

Plaintiff claims that there is a material inconsistency between Drs. Todd and Rivera's "brief and superficial" interaction limitation and the ALJ's incorporation of that limitation in the RFC, again relying upon SSR 96-8p. (SOE, at PageID 2087.) Plaintiff argues that the ALJ "failed to properly translate the terms in a way that adequately addressed [Plaintiff]'s needs. Instead, the ALJ arbitrarily translated the opinions of the state agency psychologists in a way that converted a limitation on interaction quality into a limitation on interaction quantity without explanation." (*Id.* at PageID 2087.)

Plaintiff's argument fails for the same reasons articulated above—the ALJ is not required to adopt limitations in a medical opinion verbatim, or at all. And, again, SSR 96-8p applies to inconsistencies in the evidence, not the phrasing of limitations. *Slaughter*, 2020 WL 2988468, at *8; *Hardwick*, 2020 WL 3969341, at *6–7; SSR 96-8p. Accordingly, Plaintiff's assertion of error with regard to the brief and superficial limitation should be **OVERRULED**.

### C. Structured and Predictable Work Setting Limitation

First, Plaintiff claims that the ALJ was required, and failed, to address supportability and consistency pursuant to 20 C.F.R. § 416.920(c) when she omitted the "structured and predictable work setting limitation" recommended by Drs. Todd and Rivera. (SOE, at PageID 2090.) There is no such requirement. 20 C.F.R. § 416.920(c) dictates that the ALJ "will consider the following factors when we consider the medical opinion(s) and prior administrative medical finding(s) in your case . . . supportability . . . consistency." 20 C.F.R. § 416.920(c)(b)(2). Here, the ALJ did consider the supportability and consistency of Drs. Todd and Rivera's medical opinions. (*See* ECF No. 7-2, at PageID 55.)

Second, Plaintiff argues that the ALJ was required by SSR 96-8p to explain why she did not use the exact wording of the medical opinions. (SOE, at PageID 2091–92.) As the Court previously explained, this is not true. To the extent that Plaintiff is arguing that the RFC assessment conflicts with Drs. Todd and Rivera's medical opinions, the ALJ did, in fact, explain why she did not use the terms "structured and predictable."

> The notion that a work setting is structured or predictable is not a characteristic of an occupation but rather would be a question of how a specific office is managed. Instead, I adopted a limit on the frequency of adapting to changes, which looks to the nature of the occupation and the tasks involved, and provided that they should be explained, to further reduce stressors. I adopted a pace limit considering Dr. Johnson's finding that the claimant has deficits in managing stressors and that her symptoms would likely have some effect on persistence and pace. I did not limit her to unskilled (simple, or one to two-step) tasks, as her cognition is intact, and she can perform complex tasks such as driving a car. I did adopt a limit to simple and detailed tasks, however, to reduce any stress that might arise from complex work.

(ECF No. 7-2, at PageID 55.) This explanation properly supported the AJL's discretion to determine the RFC. 20 C.F.R. § 416.946(c).

9

Accordingly, the Undersigned recommends that Plaintiff's assertion of error with regard to the structured and predictable work setting limitation be **OVERRULED**.

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that the ALJ complied with the applicable regulations, and that substantial evidence supports the ALJ's decision denying benefits prior to January 29, 2023. Based on the foregoing, it is therefore **RECOMMENDED** that Plaintiff's Statement of Errors (ECF No. 8) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED.**

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

10

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

  Date: November 7, 2024                                  */s/ Elizabeth A. Preston Deavers*
                                                              **ELIZABETH A. PRESTON DEAVERS**
                                                              **UNITED STATES MAGISTRATE JUDGE**