IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HALLIE M.,[1] | : |
| **Plaintiff,** | : |
| v. | : Case No. 2:24-cv-1121 |
| | : Judge Algenon L. Marbley |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | : Magistrate Judge Elizabeth P. Deavers |
| **Defendant.** | : |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff's Objections (ECF No. 12) to the Magistrate Judge's Report & Recommendation, ("R&R") (ECF No. 11) recommending that Defendant Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's disability claims be affirmed. For the reasons stated below, Plaintiff's Objections (ECF No. 12) are **OVERRULED**, the Magistrate Judge's R&R (ECF No. 11) is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

I.  BACKGROUND

On January 4, 2021, Plaintiff applied for Disability Insurance Benefits with the Social Security Administration, alleging that she has been disabled since October 5, 1999, due to the following impairments: "seizure disorder (non-epileptic/somatoform); migraine, obesity; degenerative disc disease of her lumbar spine; anxiety (affective); and trauma-related mental disorders." (ECF No. 7-2 at 39-41). Plaintiff's application was initially denied by the

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

Commissioner on September 23, 2021, and the denial was affirmed upon reconsideration on January 12, 2022. (*Id.* at 39). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*).

At the hearing before the ALJ, Plaintiff appeared and testified while represented by counsel. (*Id.* at 57-89). A vocational expert ("VE") also appeared and testified. (*Id.* at 57-89). On January 31, 2023, the ALJ issued a decision affirming the Commissioner's denial of disability. (*Id.* at 39). In reaching that conclusion, the ALJ followed the five-step sequential evaluation process, as set forth in the regulations promulgated by the Commissioner,[2] to determine whether a plaintiff is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; ECF No. 7-2 at 40-57.

At **step one**, the ALJ found that Plaintiff was not engaged in gainful employment. At **steps two** and **three**, the ALJ determined that Plaintiff had multiple impairments but none that, in isolation or combination, "meets or medically equals the severity of one of the listed impairments in . . . 20 CFR 416.920(d), 416.925 and 416.926." (ECF No. 7-2 at 42-43). At **step four**, the ALJ considered Plaintiff's residual functional capacity ("RFC") to determine "her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments," and whether she has the RFC to perform past relevant work. (*Id.* at 47-55).

The ALJ considered all of Plaintiff's symptoms in light of the available objective evidence, including the medical opinions of State Agency physician Maria Congbalay, MD, State Agency psychologist Audrey Todd, Ph.D, independent psychologist Gregory Johnson, Ph.D, and State Agency psychologist Aracelis Rivera, Psy.D. (*Id.*). On initial determination, Dr. Todd assessed

---

[2] Step one is to determine whether the claimant is currently engaging in gainful employment. At steps two and three, the ALJ considers the severity of the disability. At step four, the ALJ determines what the claimant's disability leaves her able to do, i.e., her residual functional capacity ("RFC"), and whether given that capacity, she may still perform her past work. And last, at step five, the ALJ assesses the claimant's residual functional capacity, age, education, and work experience to determine whether the claimant can perform any other work considering her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520.

that Plaintiff could "adapt and manage herself in a structured and predictable work setting"; and found that her ability to cope with coworkers and supervisors would be "limited to brief superficial interactions in non-public work settings." (*Id.* at 54). On reconsideration, Dr. Rivera "affirmed Dr. Todd's assessment." (*Id.*).

The ALJ found these medical opinions to be "partially persuasive," noting that there were inconsistencies between the doctors' opinions and Plaintiff's medical record. (*Id.* at 54-55). Based on the RFC, the ALJ found that Plaintiff "can interact frequently with coworkers and supervisors, but work duties should not require public interaction, and social interactions should be limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution." (*Id.* at 51). These restrictions, according to the ALJ, differed from the "brief and superficial" interactions the medical examiners recommended, because the terms are undefined in the Dictionary of Occupational Titles ("DOT"). (*Id.* at 55). The ALJ further supported this determination that the RFC may include frequent, low stress social interaction with coworkers and supervisors by stating that Plaintiff has been pleasant, cooperative, and appropriate when interacting with the examiners. (*Id.*). In summary, the ALJ concluded that "the location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as precipitating and aggravating factors, are adequately addressed and accommodated in the above residual functional capacity." (*Id.* at 55).

Finally, at ***step five***, the ALJ considered Plaintiff's age, education, work experience, and RFC, and found a significant number of jobs identified in the DOT that Plaintiff would be able to perform. (*Id.* at 56-57).

Ultimately, based on the above analysis, the ALJ's report concluded that Plaintiff was therefore not disabled under the SSA. (*Id.* at 57). On March 16, 2023, Plaintiff sought review of

3

the ALJ's decision before the Appeals Council. (*Id.* at 27). On January 10, 2024, the Appeals Council denied Plaintiff's request, thereby rendering the ALJ's determination final and affirming denial of Plaintiff's disability claims. (*Id.* at 23). On March 11, 2024, Plaintiff filed a Complaint (ECF No. 6) and Statement of Specific Errors (ECF No. 8) with this Court, alleging that the ALJ failed to properly account for the opined limitations from Dr. Todd and Dr. Rivera.

The Magistrate Judge considered Plaintiff's Statement of Specific Errors and issued a Report and Recommendation that the Commissioner's non-disability determination be affirmed. (ECF No. 11). Plaintiff objected to the R&R, again arguing that "there were three separate restrictions opined by the state agency psychologists that were not incorporated into to the residual functional capacity: 1) A structured and predictable work setting, 2) brief and superficial interactions, and 3) a non-public work setting." (ECF No. 12). Defendant responded to Plaintiff's Objection. (ECF No. 13). The matter is now ripe for review.

## II. STANDARD OF REVIEW

Upon receiving an objection to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those positions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This Court's review, however, is "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence has been defined as "evidence that a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The threshold for substantial

evidence is not high and is met so long as there is more than a scintilla of support. *Biestek v. Berryhill*, 587 U.S. 97 (2019).

Even if the substantial evidence standard is met, "a decision of the Commissioner will not be upheld where they fail to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right," *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)), because "[a]n ALJ's failure to follow an agency's rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified on the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### III. LAW & ANALYSIS

Plaintiff objects to the R&R on the same grounds raised in her Statement of Specific Errors, namely that the ALJ failed to incorporate into the residual functional capacity the medical examiners' opinions regarding "a structured and predictable work setting"; "brief and superficial interactions"; and "non-public work setting." (ECF No. 12). This Court therefore reviews those portions of the Magistrate Judge's R&R *de novo*.

The responsibility for determining the RFC is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2); 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1546(c) ("[T]he administrative law judge . . . is responsible for assessing your residual functional capacity."). "Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). The ALJ, however, "may not substitute [her] opinion for

that of a physician," she is "not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (concluding that "substantial evidence supports the ALJ's determination that the opinion of . . . [the plaintiff's] treating physician[] was not entitled to deference"). The ALJ's determination is sound so long as she "explain[s] how the evidence supports the limitations that he or she sets forth in the claimant's RFC." *Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted*, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019); *see also Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017), *report and recommendation adopted*, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) ("An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably.").

### A. Non-Public Work Setting Limitation

Plaintiff first objects that the ALJ failed to explain adequately why the recommended limitation to only "non-public work settings" was impermissibly substituted with a conflicting limitation in the RFC that the work must "preclude public interaction." (ECF No. 12 at 5). Relying on SSR 96-8p: Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims ("SSR 96-8p"), Plaintiff argues that the adjudicator is required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, Narrative Discussion Requirements. Under SSR 96-8p, if the RFC conflicts with a medical opinion, the ALJ must explain why the medical opinion was not adopted. *Id.*

Here, Drs. Todd and Rivera stated that the "Plaintiff's ability to cope with coworkers and supervisors would be limited to brief superficial interactions in *non-public work settings*." (ECF

6

No. 7-2 at 54-55) (emphasis added). The ALJ determined in the RFC after weighing the medical opinions that "there should be *no public interaction*." (*Id.*). For SSR 96-8p to require the Commissioner to explain why a medical opinion was not adopted, there must first be a material conflict between the medical opinion and the decision made by the ALJ in the RFC. SSR 96-8p. There is no inconsistency amounting to a conflict between the ALJ's determination, and the medical opinions offered here.

The limitation precluding all public interaction definitionally incorporates the requirement for a non-public work setting as provided by the medical examiner's opinions; it creates no conflict between the two limitations. By determining that Plaintiff's RFC required no public interaction, the ALJ properly considered the medical examiner's limitation for a non-public work setting, as any DOT position requiring public interaction would necessarily preclude any job that is not in a non-public work setting and therefore conforms to the medical examiner's recommendation. *See Good v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 196842, at *18 (S.D. Ohio Oct. 13, 2021) (The ALJ's determination in the RFC requiring a "non-public" work setting properly incorporated the State agency psychologists' recommendations for "limited interactions with the public.")

Plaintiff's objection that there is a conflict between the Commissioner's decision regarding a limitation for "no public interaction" and the medical examiner's recommendation for a "non-public" is therefore without merit.

### B. Brief and Superficial Interactions Limitation

Plaintiff next objects to the ALJ's determination in the RFC limiting Plaintiff to "frequent interaction with coworkers and supervisors," arguing that the State medical examiners recommended a limitation to "brief" and "superficial" interactions with coworkers and supervisors. (ECF No. 12 at 6-7). Although Plaintiff acknowledges that the ALJ is not required to

7

adopt the State medical examiner's opinions verbatim, she maintains that this deviation had a "complete lack of any explanation" for the chosen language and was unsupported by "substantial evidence." (*Id.* at 7). This Court disagrees. The ALJ expressly stated that the medical examiner's terms of "brief" or "superficial" would not be adopted because the terms are undefined in the DOT job qualifications program policy. (ECF No. 7-2 at 55). In adopting the "frequent interaction with coworkers and supervisors" limitation instead, the ALJ acknowledged that Dr. Todd and Dr. Rivera's findings were only "partially persuasive," citing record evidence and observations of Plaintiff. (*Id.*). The ALJ's deviation in terminology is therefore supported by substantial evidence. The ALJ's determinations in the RFC also included limitations on the nature of the social interactions with coworkers, providing that more stressful interactions "such as those involving conflict resolution" were precluded as Plaintiff had complained of some social anxiety. (*Id.*). The ALJ considered the medical examiners' opinions and provided a credible limitation that was supported by more than a mere "scintilla" of evidence. The ALJ's determinations in the RFC allowing for frequent interaction with coworkers and supervisors, provided that more stressful interactions such as conflict resolution are avoided, were adequately explained and supported by substantial evidence.

Plaintiff's second objection that the ALJ's determination in the RFC limiting Plaintiff to "frequent interaction with coworkers and supervisors" lacked substantial evidence to support deviation from the partially persuasive medical opinions is therefore overruled.

### C. Structured and Predictable Work Setting Limitation

Finally, Plaintiff objects that the ALJ failed to explain adequately why the RCF did not adopt the medical examiner's recommended limitation of a "structured and predictable work setting." (ECF No. 12 at 7-8). Plaintiff primarily argues that the ALJ "rejected the opinion [of the

8

medical experts] as being not vocationally relevant without any evidence to support that conclusion."

Plaintiff's contention that the ALJ summarily rejected the medical examiners' recommendation for a structured and predictable work environment without explanation is not well taken. The ALJ explicitly considered the medical examiners' recommendation for a structured and predictable work setting in its RFC determinations. (*Id.* at 54-55). In doing so, the ALJ adopted a limit on the "frequency of adapting to changes" and provided that any changes should be explained to further reduce stress to Plaintiff. (*Id.* at 55). The ALJ explained that this limitation was applied separately from the exact language of the medical examiners' opinion because a work setting's structure and predictability is "not a characteristic of an occupation but rather … a question of how a specific office is managed." (*Id.*). Rather than ignore and reject the medical examiners' recommended limitation as Plaintiff objected, the ALJ instead directly acknowledged and in vocational terms, adopted the very limitation recommended. The ALJ's explanation that "structured and predicable" work setting is not a directly translatable vocational search term properly supports their ability independently to determine Plaintiff's RFC in finding the medical examiners' opinions to be partially persuasive.

Plaintiff's third objection that the ALJ failed to adequately explain why the RCF did not adopt the medical examiner's recommended limitation of a "structured and predictable work setting" is therefore overruled.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 11) are **OVERRULED**; the Magistrate Judge's Report and Recommendation (ECF No. 11) is **ADOPTED** in its entirety; and the Commissioner's determination is **AFFIRMED**.

    **IT IS SO ORDERED.**

    _____
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT JUDGE**

**Dated: March 14, 2025**